IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No.  4:22-CR-049 |
| v. ) | |
| ) | GOVERNMENT'S OPPOSITION |
| SHANE WILLIAM BUTLER, ) | TO DEFENDANT'S JOINT MOTION |
| ) | FOR RECONSIDERATION |
| ) | |
| ) | |
| Defendants. ) | |

The Court should deny defendant Shane William Butler's (Defendant Shane Butler) motion to modify the No Contact Order. (Dkt. 32.) Contrary to Defendant Shane Butler's assertions, this rationale the Court employed in *United States v. Martinez*, No. 4:21-cr-00107-SMR-HCA-1,2, 2021 WL 4169789 (Sept. 13, 2021) (Locher, J.) to permit limited communication between married codefendants is not applicable to this case. The Court should uphold the no contact order based on the nature of the offenses in this case, the role the Defendants' relationship played in the criminal activity, and the defendants' status of pretrial detention.

1.     Defendant Shane Butler and Defendant Ashley Marie Butler (Defendant Ashley Butler) are charged in an 11-count Indictment with violations of the federal child exploitation statute. (Dkt. 2.) The Defendants are alleged to have conspired with each other to produce child pornography by inducing Minor Victim 1 to engage in sexually explicit conduct with Defendant Shane Butler while Defendant Ashley Butler recorded the sexually explicit conduct. *Id.* This is alleged to have occurred on four occasions between June 2021 and December 24, 2021. *Id.* The

1

indictment also alleges that Defendant Ashley Butler transported to Defendant Shane Butler the visual depictions of him engaging in a sexually explicit conduct with Minor Victim 1. *Id.*

2.      The Defendants were arraigned on April 26, 2022. (Dkt. 8, 9.) Trial was scheduled for June 27, 2022. (Dkt. 17.) The government moved for detention, both defendants waived detention hearings, and both defendants were ordered detained pending trial. (Dkt. 14, 21.) The government moved for no contact orders to be imposed on both defendants, which included the prohibition of any kind of contact between Defendant Shane Butler and Defendant Ashley Butler. (Dkt. 9.) Defendants did not object, but indicated they may subsequently challenge the orders. *Id.* The Court requested the government file proposed language for the no contact orders to confirm their scope.

3.      On April 27, 2022, the Court granted the government's request to impose the following restriction: "Defendants shall have no contact of any kind (including in-person, verbal, written, etc.), directly or through a third party, with their respective co-defendant listed on the Indictment." (Dkt. 30.) Before proposing such language to the Court, the government provided it to defense counsel for Defendant Shane Butler for review, and defense counsel indicated he had no objection. (Dkt. 25.)

4.      On May 6, 2022, Defendant Shane Butler filed a motion to modify the no contact order. (Dkt. 32.) He requests that the Court "amend the No Contact Order to permit indirect communications between Defendants as long as those

communications are on matters unrelated to the criminal case." *Id.* at 3. In support of his request, Defendant Shane Butler states:

> Defendants cannot communicate directly with each other. They are separated at Polk County Jail, and cannot see each other. Any communication that they do have with third parties – through telephone calls or video visits – is monitored and recorded. Defendants' contact with each other, if at all possible, is limited to indirect contact through third parties – which is monitored and recorded.

*Id.* at 2. Defendant Shane Butler states he "would like to be able to maintain some indirect contact with Mrs. Butler – by relating through third parties that he still loves and supports Mrs. Butler[.]" *Id.* at 2-3.

5.    Although Defendant Shane Butler asserts that it is his understanding that Defendant Ashley Butler would like the same kind of contact, *id.* at 3, Defendant Ashley Butler's position on the request is unknown, as she has not filed any response to the motion.

6.    This Court has previously addressed the issue of no contact orders between married co-defendants in *United States v. Martinez*, No. 4:21-cr-00107-SMR-HCA-1,2, 2021 WL 4169789, at *1 (Sept. 13, 2021) (Locher, J.). In that case, relying in part on *United States v. Hobbs*, 845 F.3d 365, 368 (8th Cir. 2016), the Court permitted the married codefendants to communicate with each other about matters unrelated to the criminal case. *Id.* at 4. The Court reasoned that it was required by Title 18 U.S.C. Section 3142(c)(1)(B) to employ "the least restrictive further condition or combination of conditions" to reasonably assure the appearance of the person and the safety of any other person. *Id.*

7.      The government interests that justify the no contact order in this case is the same as they were in *Martinez*. This order is necessary to protect the public and to prevent collusion and/or tampering between codefendants. The government interests necessitate maintenance of the current no contact order.

8.      However, there are differences between this case and *Martinez*, and those differences are so vast that they render the *Martinez* case unhelpful in so far as its rationale. In this case, for both defendants, the United States Probation Office found that there was no condition or combination of conditions that reasonably assured the safety of the community, and recommended detention (Dkt. 28, 29.) Both defendants waived detention hearings, and the Court also found was no condition or combination of conditions that reasonably assured the safety of the community, and ordered the defendants detained. (Dkt. 14, 21.) To the contrary, in *Martinez,* the United States Probation Office found, for both defendants, that there was a condition or combination of conditions that reasonably assured the safety of the community, and recommended release. The Court adopted the United States finding and recommendation and authorized pretrial release. Because there is no release order in this case, the Section 3142(c)(1)(B) requirement that the Court employ "the least restrictive further condition or combination of conditions" to reasonably assure the appearance of the person and the safety of any other person is not applicable.

9.      In this case, the defendants are alleged to have worked together to repeatedly sexually exploit a minor. (Dkt. 2.) This conduct is alleged to have occurred over an extended time frame of six months and during the defendants' marriage. *Id.*

This conduct is not only criminal but extremely and incalculably harmful to the minor victim. The nature of the harm brought about by alleged conduct in this case is categorically different than the harm at issue in *Martinez*. The nature of the harm, and its alleged occurrence within the context of the marriage, requires the Court to prohibit contact between the defendants.

10.     Unlike the *Martinez* case, in which both defendants requested that the Court modify the no contact order so as to permit communication with each other, Defendant Ashley Butler has not filed a response to Defendant Shane Butler's motion. Her position is unknown. According to the bail/bond report, Defendant Shane Butler is currently serving a sentence of probation for a 2020 deferred judgment for domestic abuse assault. (Dkt. 29 at 2.) That recent criminal history, taken together with the absence in the record of Defendant Ashley Butler's position, necessitates maintenance of the existing no contact order.

11.     Moreover, the request in this case places an undue and unfair burden on third parties. In *Martinez*, the defendants were on pretrial release and did not require the involvement of any third parties to communicate on matters unrelated to the case. In this case, however, as acknowledged by Defendant Shane Butler, the defendants are not permitted to have direct contact with each other at Polk County Jail. Defendant Shane Butler proposes imposing on third parties to communicate messages of support to his wife. The government has learned that, prior to federal indictment, the defendants would communicate with each other by engaging in three-way calls or video calls with a third party. This type of activity is prohibited by the

Jail. *See* Polk County Jail, Inmate Handbook, at 15, available at https://www.polkcountyiowa.gov/media/twshtss0/a-inmate-handbook-2021-basic-cover-final-01-26-2021-english-1.pdf ("You are not permitted to make three-way calls nor have your calls forwarded to another phone. These acts may result in disciplinary action taken against you included suspension of your phone privileges.") From the motion, it is unclear whether the requested indirect third-party communication is such prohibited three-way phone calls facilitated by third parties, or rather Defendant Shane Butler passing verbal messages to his wife through a third party. In any event, it is inappropriate for the Court to authorize Defendant Shane Butler to conscript third parties to carry out communication on his behalf. While the government understands the jail communications are recorded, they are not (to the government's knowledge) reviewed in real time, and any overreaching, misuse, or abuse of the Court's order would not be discovered until after the fact.

WHEREFORE, the government respectfully requests that Defendant Shane Butler's motion (Dkt. 32) be denied.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: */s/ Amy Jennings*
Amy Jennings
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa  50309
Tel:  (515) 473-9300

Fax:  (515) 473-9292
Email:  amy.jennings2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2022, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing   ____Other means

UNITED STATES ATTORNEY

By: /s/ ALJ_____
        AUSA