IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No.: 4:22-CR-049 |
| v. | |
| SHANE WILLIAM BUTLER, et al., | **SECOND MOTION TO MODIFY NO CONTACT ORDER** |
| Defendant. | |

Defendant, Shane Butler, through counsel, moves again, to modify the No Contact Order [ECF No. 30] to permit him to have indirect contact about non-case-related issues with his wife and co-defendant, Ashley Butler. Mr. Butler renews his prior motion to amend the No Contact Order given the fact that both Defendants Shane Butler and Ashley Butler have now pled guilty to offenses in this case, which alleviates the need for a No Contact Order that limits contact between them.

In support of this motion, Defendant states:

1.      Defendant Shane Butler and co-Defendant Ashley Butler were charged in an indictment, together, with various counts related to the production of child pornography, receipt/transport of child pornography and possession of child pornography. [ECF Nos. 1, 2].

2.      At the initial appearance and arraignment for Defendants, the government orally moved for a no contact order that restricted contact between Mr. and Mrs. Butler. On April 27, 2022, this Court entered a No Contact Order. [ECF No. 30.] That Order prohibits Defendants from "contact of any kind (including in-person, verbal, written, etc.) directly or through a third party, with their respective co-defendant listed on the Indictment." [ECF No. 30.]

1

3.     At their initial appearance and arraignment, Defendants waived a detention hearing.  Both Defendants remain in custody at Polk County Jail.

4.     As the Court is aware from the initial appearance and arraignment, co-Defendants Mr. and Mrs. Butler are husband and wife.  Because they are married, the No Contact Order impinges on Defendants' constitutional right to marriage.

5.     Despite the serious nature of this offense, Defendants remain supportive of each other, as husband and wife.  Shane Butler would like to be able to maintain some indirect contact with Ashley Butler – and it is counsel's understanding that Ashley would like to maintain similar indirect contact with Shane Butler.  They would like to be able to relay non-case-related messages to each other – simply messages such as their love or support for each other.  Shane Butler would like the ability to communicate these messages indirectly, by passing this communication to a third party (most likely his mom on a recorded phone call), who would then communicate that message to Ashley Butler (on a separate recorded phone call).[1]

6.     On May 6, 2022, Shane Butler moved to amend the No Contact Order entered in this case to permit indirect contact between him and his wife, while leaving the remaining provisions of the No Contact Order in Place.  [ECF No. 32.]  As noted in Shane Butler's May 6 Motion, courts sometimes impose no contact orders between married co-defendants as conditions of pretrial release; but at the same time, courts have recognized that constitutional considerations caution against limitations that result in "sweeping restrictions on important constitutional rights."  *United States v. Martinez*, No. 4:21-cr-00107-SMR-HCA-1,2, 2021 WL 4169789, at *2 (Sept. 13, 2021) (Locher, J.) (quoting *United States v. Hobbs*, 845 F.3d 365, 368 (8th Cir. 2016)).

---

[1] The parties understand that "three-way calls" between them are prohibited by Polk County Jail's policies, and Shane Butler is not proposing that such three-way calls be permitted.

"Restrictions are appropriate only when they are necessary to achieve a valid statutory purpose." *Id.* "Where a more narrowly-tailored condition is available, it must be used." *Id.* Shane Butler's motion argued that a more narrowly-tailored condition – permitting topic-limited indirect contact between Defendants – should be imposed here.

7.     On May 12, 2022, the government resisted the May 6 Motion. [ECF No. 33.] The government argued there were procedural and factual aspects of this case that warranted the No Contact Order. The government argued that the "nature of the harm, and its alleged occurrence within the context of the marriage, requires the Court to prohibit contact between the defendants" who remained in custody. [ECF No. 33, ¶¶ 9, 11.]

8.     On July 18, 2022, Ashley Butler joined the motion to modify the No Contact Order.

9.     On July 25, 2022, the Court denied the motion to amend the No Contact Order. [ECF No. 49.] The Court distinguished this case from others where contact between spouses had been permitted. The Court explained that the charges here are more serious than those in other cases where spouses have been permitted to have contact, and that there is a more compelling argument that the No Contact Order should remain in place.

10.     Respecting that decision, and the orders of this Court, the parties have not had indirect contact with each other since the entry of the No Contact Order.

11.     Since July 2022, however, the procedural posture of this case has changed materially, with both parties entering pleas. On August 9, 2022, Shane Butler entered a plea to two counts of the indictment pursuant to a plea agreement. [ECF Nos. 51, 52, 54.] That plea has been accepted by the Court. [ECF No. 56.] On September 21, 2022, Ashley Butler entered a similar plea to two counts of the indictment pursuant to a plea agreement. [ECF Nos. 57, 59,

61.]  That plea agreement awaits acceptance by the Honorable Judge Rose.  [*See* ECF No. 61, Report and Recommendation (recommending the Court accept Ashley Butler's plea).]

12.     Given the change in circumstances, with both Defendants now awaiting sentencing and having entered pleas, Shane Butler moves to modify the No Contact Order to permit indirect communications between Defendants as long as those communications are on matters unrelated to the criminal case.  The requested modification is only to allow them to give a third party a non-case-related message – like communications of love or support -- that could then be shared with the other.  It is not to permit third party calls or direct communication between the Defendants.

13.     Counsel for Ashley Butler has informed undersigned counsel that she joins in this motion to amend the No Contact Order.

14.     The government is anticipated to oppose the motion.

15.     It is anticipated that the government will argue that the Court's and society's interests in preventing collusion and witness tampering, protecting the public, and deterring both defendants, justify maintaining the No Contact Order as written.  But these interests are weak here, where Defendants' communications with others are, at all times, recorded.  The government has the ability to monitor and record all of Defendants' communications with the outside world.  The ability to record and preserve all of Defendants' communications provides all the deterrence that is needed to discourage Defendants from engaging in inappropriate communications.  And these concerns are weakened even more by the fact that both Defendants have entered pleas with lengthy stipulations of fact as part of plea agreements that cover the misconduct in this case.  There is little that Shane Butler and Ashley Butler could do to collude or to tamper with witnesses when they have already admitted guilt for the alleged offenses.

16.     Despite their incarceration in the Polk County Jail, Shane Butler and Ashley Butler still have important constitutional rights, including the right to marriage.  That constitutional right warrants a narrower tailoring of the No Contact Order to permit some limited indirect contact.

WHEREFORE, Defendant moves for modification of the No Contact Order to permit Defendants to communicate, indirectly, about matters unrelated to the criminal case, through a third party.

Respectfully submitted,

   /s/   Andrew Graeve
Andrew Graeve, Asst. Federal Defender
FEDERAL PUBLIC DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: andrew_graeve@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE
I hereby certify that on September 23, 2022, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
   /s/  Theresa McClure